John D. SCHOFIELD,
Plaintiff-Appellant,

v.

COUNTY OF VOLUSIA, FLORIDA,
Defendant-Appellee.

No. 76–3173.

United States Court of Appeals,
Fifth Circuit.

Sept. 20, 1978.

Raymond A. Haas, Orlando, Fla., for plaintiff-appellant.

Warren O. Tiller, County Atty., Deland, Fla., John R. Godbee, Jr., Coble, McKinnon, Rothert, Bohner & Godbee, Daytona Beach, Fla., for defendant-appellee.

Before JONES, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

John D. Schofield brought this appeal from the district court's dismissal of his amended complaint, which sought money damages from Volusia County, Florida, for alleged violations of his rights under the first and fourteenth amendments. Schofield was an employee of the county until terminated, without notice or hearing, for engaging in politically related activity. He claims that such a termination was in violation of his right to free speech.

Volusia County filed a motion to dismiss Schofield's complaint, challenging whether the district court had subject matter jurisdiction and whether the complaint stated a claim on which relief could be granted. The district court, in granting this motion, concluded that it had federal question jurisdiction under 28 U.S.C. § 1331 (1976), but that the alleged first amendment violation did not state a claim. The court below concluded that it did not have jurisdiction under 28 U.S.C. § 1343(3). The court relied on *Monroe v. Pape*, 365 U.S. 167, 169, 81 S.Ct. 473, 5 L.Ed.2d 492 (1960), in concluding that a county is not a person within the ambit of 42 U.S.C. § 1983 (1970). The court reasoned that it did not have jurisdiction under section 1343 over Schofield's suit on the premise that section 1343 presupposes a violation of section 1983 or another similar statute. In determining that Schofield's complaint failed to state a claim, the district court considered the absence of a valid section 1983 claim to be determinative.

While Schofield's appeal was pending in this court, the Supreme Court handed down its decision in *Monell v. Department of Social Services of New York*, —— U.S. ——, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which overruled *Monroe v. Pape* insofar as it held local governments wholly immune from suit under section 1983. In light of *Monell*, we vacate the district court's order, remand the cause, and direct that Schofield's complaint be reconsidered. We intimate nothing as to the merits of Schofield's claim.

VACATED and REMANDED with instructions.